**Virginia CURTIS, Plaintiff–Appellant,**

v.

**Willard E. OSMUNSON,
Defendant–Appellee.**

No. 06–35417.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2007 *.

Filed Nov. 14, 2007.

Aaron L. Lowe, Esq., Aaron L. Lowe & Associates, PS, Spokane, WA, for Plaintiff–Appellant.

Leslie E. Brown, Esq., Quane Smith, LLP, Boise, ID, for Defendant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Plaintiff Virginia Curtis sued Defendant Willard Osmunson, her former dentist, alleging negligence under Idaho law for failure to diagnose and treat an abscess in her mouth. The district court granted summary judgment to Defendant, ruling that Plaintiff's claim was barred by Idaho's two-year statute of limitations, Idaho Code Ann. § 5–219(4). On de novo review, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), we affirm.

1. Plaintiff argues that the injury that she suffered from Defendant's negligence was the failure of the abscess to heal after a root canal on June 17, 2002. Consequently, she reasons, the statute of limitations did not begin to run until that date, and her complaint, filed on June 15, 2004, was timely.

Under Idaho law, a cause of action for medical malpractice accrues when “objective medical proof would support the existence of an actual injury.... Whether there was some damage, or whether that damage was objectively ascertainable, does not depend upon the knowledge of the injured party.” *Lapham v. Stewart,* 137 Idaho 582, 51 P.3d 396, 401 (2002) (internal quotation marks omitted).

We view Plaintiff's deposition and affidavit testimony in the light most favorable to

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

her. *Jones*, 393 F.3d at 926. As she alleges, Plaintiff began suffering pain as a result of Defendant's negligence no later than May 22, 2002. Consequently, her claim accrued no later than May 22, 2002, and her complaint, filed more than two years later, is barred by the statute of limitations. The fact that the abscess later did not heal from the root canal is immaterial. *See Lapham,* 51 P.3d at 400 ("The limitation period is not extended by reason of any continuing consequences or damages resulting from the malpractice....").

2. We decline to consider Plaintiff's argument, raised for the first time on appeal, that Idaho Code Annotated § 5–219(4) is unconstitutional. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004) ("In general, we do not consider an issue raised for the first time on appeal.").

AFFIRMED.